UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLENN MURCHISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:13-cr-00193-GZS-1 |
| ) | 2:20-cv-00222-GZS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 467.) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired. (Response, ECF No. 486.)

Following a review of Petitioner's section 2255 motion, the Government's response, and the record, I recommend the Court dismiss the motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In April 2014, the grand jury issued a second superseding indictment against Petitioner for one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1). (Second Superseding Indictment, ECF No. 116.) In May 2015, the Government filed an information pursuant to 21 U.S.C. § 851 charging Petitioner with a prior Massachusetts conviction for possession

with intent to distribute a controlled substance, subjecting him to increased penalties if convicted. (Information, ECF No. 141.) In June 2014, Petitioner pled guilty to the conspiracy charge. (Change of Plea Hearing, ECF No. 167.)

In January 2015, the Court sentenced Petitioner to 188 months imprisonment and eight years of supervised release. (Judgment, ECF No. 323.) In January 2019, the First Circuit granted a discretionary remand for the Court to consider the effect of the non-retroactive guideline Amendment 798, which eliminated the residual clause of the career offender guidelines, because one of Petitioner's prior convictions was for resisting arrest and would no longer qualify as a predicate offense for purposes of the career offender guidelines. (Judgment of the Court of Appeals, ECF No. 450.) On April 8, 2019, the Court resentenced Petitioner to 151 months imprisonment, which was consistent with the parties' joint recommendation. (Amended Judgment, ECF No. 459; Joint Agreement on Amended Sentence, ECF No. 457.) Petitioner had also filed a § 2255 motion while his direct appeal was pending, which the Court dismissed as moot. (Order, ECF No. 458.)

Petitioner dated the current § 2255 motion on June 14, 2020, and the Court docketed it on June 23, 2020. (Motion, ECF No. 467.)

## DISCUSSION

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

> States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's claims do not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims. Because paragraphs (2), (3), and (4) do not apply, therefore, the limitations period began to run when Petitioner's amended judgment of conviction became final.[1]

The Court entered Petitioner's amended judgment of conviction on April 8, 2019. (Amended Judgment, ECF No. 459.) Because Petitioner did not appeal the new sentence, the judgment became final after his fourteen-day period for filing an appeal expired on April 22, 2019. See Fed. R. App. P. 4(b)(1)(A); *Martinez-Serrano v. United States*, No. CIV. 11-1077 JAF, 2012 WL 6016663, at *1 (D.P.R. Nov. 30, 2012) ("Neither the

---

[1] The AEDPA restrictions are "interpreted with respect to the judgment challenged." *See Magwood v. Patterson*, 561 U.S. 320, 331–33, 338–39 (2010). Because Petitioner was resentenced, it is generally the new "intervening judgment" that controls the analysis of the statute of limitations and second or successive petitions. *Id.*; *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007) (per curiam).

3

Supreme Court nor the First Circuit, to our knowledge, has decided when an unappealed federal criminal conviction becomes 'final' for the purposes of § 2255(f)(1). All of the circuit courts that have answered this question, to our knowledge, have held that such a conviction becomes final when the time for filing an appeal expires"); s*ee also*, *Yeaton v. United States*, No. CIV. 06-138-P-S, 2007 WL 551759, at *1 (D. Me. Feb. 21, 2007) (collecting cases). The limitation period for filing a section 2255 motion to challenge the judgment expired one year later, on April 22, 2020. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)). Petitioner filed his motion in June 2020, approximately two months after the limitations period expired.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside

his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019). Petitioner does not allege any circumstances warranting equitable tolling.[2]

In sum, because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply, dismissal is warranted.[3]

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny

---

[2] To the extent Petitioner were to contend the COVID-19 pandemic is cause for equitable tolling, "the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *United States v. Henry*, No. 2:17-cr-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) (emphasis in original). The record lacks any evidence that would support an equitable tolling finding.

[3] Petitioner challenges two enhancements that were applied to calculate his guideline sentencing range, a career offender enhancement based on his prior convictions and a firearms enhancement. Even if the motion was filed timely, Petitioner would not be entitled to relief on those claims because: (1) he procedurally defaulted his claims by failing to raise them before the district court or on appeal and has not established cause to excuse the defaults or prejudice, *see Berthoff v. United States*, 308 F.3d 124, 127–28 (1st Cir. 2002); (2) non-constitutional claims of legal error, such as misapplications of advisory sentencing guidelines, are noncognizable on postconviction review unless the error was so serious that it "amount[s] to a fundamental defect which inherently results in a complete miscarriage of justice," which Petitioner cannot establish, *see Mateo v. United States*, 398 F.3d 126, 136 (1st Cir. 2005) (quotation omitted); and (3) Petitioner has not shown that the Court made any error in applying the guideline enhancements.

The Government also acknowledges that Petitioner's filings could arguably be construed to challenge the ten-year statutory mandatory minimum because Petitioner's prior conviction that was included in the § 851 information no longer qualifies as a predicate offense following the enactment of the First Step Act of 2018. (Response at 11 n.5.) The Government asserts that the ten-year statutory mandatory minimum was proper at the 2019 resentencing because the statutory changes do not apply to anyone who was sentenced before the First Step Act was enacted, even if the pre-enactment sentence was later vacated. While the First Step Act changes do not provide a basis to challenge a pre-enactment sentence, even when a direct appeal from that sentence was still pending at the time of enactment, *United States v. Cruz-Rivera*, 954 F.3d 410, 413 (1st Cir. 2020), it appears to be an open legal question whether the relevant new provisions of the First Step Act apply at resentencing following a post-enactment vacatur on other grounds. *See United States v. Bethea*, No. 19-4618, 2021 WL 219201, at *3 n.6, *4–7 (4th Cir. Jan. 21, 2021) (summarizing circuit split and noting that several circuit courts acknowledge the open question); *United States v. Crowe*, No. CR 11-20481, 2019 WL 7906591, at *3–4 (E.D. Mich. Aug. 28, 2019) (applying new First Step Act provisions following post-enactment vacatur). Regardless of the ultimate resolution of that question, however, on this record, the Government's assertion of the statute of limitations is determinative.

a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of March, 2021.